# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA
# FIRST DIVISION

| | |
|---|---|
| Nancy Weatherly, | Case No. 0:10-cv-4366-DSD-JJK |
| Plaintiff, | |
| v. | **AMENDED COMPLAINT FOR DAMAGES UNDER THE FAIR DEBT COLLECTION PRACTICES ACT** |
| Apex Financial Management, LLC, | |
| Defendant. | **JURY DEMAND ENDORSED HEREIN** |

## PARTIES

1. Plaintiff is a natural person who resided in Rochester, Minnesota at all times relevant to this action.

2. Defendant is an Illinois limited liability company that maintained its principal place of business in Buffalo Grove, Illinois at all times relevant to this action.

## JURISDICTION AND VENUE

3. Pursuant to 28 U.S.C. §1331, this Court has federal question jurisdiction over this matter as it arises under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692 et seq.

4. Pursuant to 28 U.S.C. §1391(b), venue is proper because a substantial part of the events giving rise to this claim occurred in this judicial district.

## STATEMENT OF FACTS

5. At all times relevant to this action, Defendant engaged in the business of consumer debt collection.

6. Defendant regularly uses the telephone and mail to collect consumer debts that Defendant either purchased or had been hired to collect.

7. The principal source of Defendant's revenue is debt collection.

8. Defendant is a "debt collector" as defined by 15 U.S.C. §1692a(6).

9. As described below, Defendant contacted Plaintiff about a financial obligation that Plaintiff allegedly owed to CIGPF I Corp., with respect to a credit card Plaintiff had used for personal rather than commercial purposes.

10. This alleged obligation is a "debt" as defined by 15 U.S.C. §1692a(5).

11. As described below, Defendant attempted to collect the debt from Plaintiff, and in so doing, has alleged that Plaintiff owed the debt.

12. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3).

13. On or around July 21, 2010, Defendant's employee ("Miller") telephoned Plaintiff at her place of employment in connection with the collection of the debt.

14. During this communication, Plaintiff informed Miller that Plaintiff was represented by a lawyer with respect to the debt.

15. During this communication, Plaintiff then informed Miller that Plaintiff would telephone Miller at a later time to provide her attorney's contact information.

16. Rather than end the communication at this point, Miller continued her efforts to collect the debt from Plaintiff by asking for payment, debating Plaintiff, and attempting to intimidate Plaintiff with statements such as:  we are "aware of where you work at".

17. During this communication, Plaintiff stated that she was busy at work and reiterated that she would call Defendant with her attorney's information.

18. On or around July 21, 2010, after returning home from work, Plaintiff telephoned Miller and provided her attorney's contact information.

19. On or around July 22, 2010, Plaintiff received a message at work about a call from Defendant and telephoned Defendant in response.

20. During this communication, Plaintiff spoke to another of Defendant's employees ("Hicks") and reiterated that she was represented by an attorney with respect to the debt.

21. During this communication, Plaintiff stated twice that Defendant should not call her at work anymore.

22. On or around July 23, 2010, Miller telephoned Plaintiff at her place of employment twice in connection with the collection of the debt.

23. On or around July 24, 2010, Miller telephoned Plaintiff at home.

24. During this communication, Plaintiff again provided her attorney's name and telephone number and asked Miller to telephone her attorney.

25. During this communication, Miller again ignored the fact that Plaintiff was represented by an attorney and repeatedly asked for payment from Plaintiff herself.

26. On or around July 26, 2010, Miller telephoned Plaintiff's attorney's office and confirmed that Plaintiff had retained the firm's services with respect to the debt.

27.  On or around July 28, 2010, Miller again telephoned Plaintiff at her place of employment in connection with the collection of the debt.

28. On or around August 2, 2010, Miller again telephoned Plaintiff at her place of employment in connection with the collection of the debt.

29. On or around August 5, 2010, Miller again telephoned Plaintiff at her place of employment in connection with the collection of the debt.

30. On or around August 10, 2010, Miller again telephoned Plaintiff at her place of employment in connection with the collection of the debt.

31. During this communication, Plaintiff again reiterated that she was represented by an attorney with respect to the debt and again reiterated the Defendant should not call Plaintiff at work.

32. Miller ended this communication by again threatening "we are aware of where you are employed so we will be using that to our advantage".

33. Despite having knowledge that Plaintiff was represented by an attorney with respect to the debt and despite receiving repeated requests to cease telephone calls to Plaintiff's place of employment, Defendant continued to telephone Plaintiff's place of employment in connection with the collection of the debt throughout September and October 2010 on several occasions.

34. Defendant caused Plaintiff emotional distress.

35. Defendant violated the FDCPA.

## COUNT ONE

### Violation of the Fair Debt Collection Practices Act

36. Defendant violated 15 U.S.C. §1692c(a)(1) by calling Plaintiff at a time or place known to be inconvenient for Plaintiff.

37. In support hereof, Plaintiff incorporates paragraphs 21-33 as if specifically stated herein.

## COUNT TWO

### Violation of the Fair Debt Collection Practices Act

38. Defendant violated 15 U.S.C. §1692c(a)(2) by communicating with Plaintiff notwithstanding knowledge that Plaintiff was represented by an attorney with respect to the debt.

39. In support hereof, Plaintiff incorporates paragraphs 13-33 as if specifically stated herein.

## COUNT THREE

### Violation of the Fair Debt Collection Practices Act

40. Defendant violated 15 U.S.C. §1692d by engaging in conduct the natural consequence of which was to harass, oppress, or abuse Plaintiff.

41. In support hereof, Plaintiff incorporates paragraphs 13-33 as if specifically stated herein.

## JURY DEMAND

42. Plaintiff demands a trial by jury.

## PRAYER FOR RELIEF

43. Plaintiff prays for the following relief:

    a. Judgment against Defendant for actual damages, statutory damages, and costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k.

    b. For such other legal and/or equitable relief as the Court deems appropriate.

RESPECTFULLY SUBMITTED,

Legal Helpers, P.C.

By: s/Timothy J. Sostrin
    Timothy J. Sostrin, Pro Hac Vice
    Bar ID # 6290807
    233 S. Wacker, Suite 5150
    Chicago, IL 60606
    Telephone:  312-753-7576
    Email:  tjs@legalhelpers.com
    Attorneys for Plaintiff

## CERTIFICATE OF SERVICE

I hereby certify that on January 24, 2011, I served the following persons with the foregoing amended complaint by filing the same electronically using the court's cm/ecf system:

Michael T. Berger
HINSHAW & CULBERTSON LLP
mberger@hinshawlaw.com

/s/ Timothy J. Sostrin